IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Aaron Clayton and Sarah Clayton,      )
                                      )
                                      )
            *Plaintiffs,*              )
                                      )      No. 18-cv-1493
      -vs-                            )
                                      )      *(Judge Pallmeyer)*
David Bird, #12106, Richard           )
Bolton, #5281, Jerry Crisp, #12580,   )
David Koenig, #1676, Richard          )
Piek, #13633, Jorge Rivera,           )
#19099, Ronald Rodriguez, #7877,      )
Jose Rojas, #15550, Brandon           )
Smith, #7872, Lafayette Triplett,     )
#18220, Deborah Witt, #9233, and      )
City of Chicago,                      )
                                      )
                                      )
            *Defendants.*             )

**FILED** KP
3/16/2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT

Plaintiffs file this amended complaint and, by counsel, allege as follows:

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2.      Plaintiffs Aaron Clayton and Sarah Clayton are residents of the Northern District of Illinois.

3.      Defendants David Bird, #12106, Richard Bolton, #5281, Jerry Crisp, #12580, David Koenig, #1676, Richard Piek, #13633, Jorge Rivera,

#19099, Ronald Rodriguez, #7877, Jose Rojas, #15550, Brandon Smith, #7872, Lafayette Triplett, #18220, and Deborah Witt, #9233 were, at all relevant times, Chicago police officers; plaintiffs sue the officers in their individual capacities only.

4.     Defendant City of Chicago is an Illinois municipal corporation and is joined as the potential indemnifier of the individual defendants.

5.     On or about March 16, 2016, defendants Triplett and Bolton presented a judge of the Circuit Court of Cook County with a false story that plaintiff Aaron Clayton had sold heroin to defendant Bolton on October 14, 2015.

6.     Defendants Triplett and Bolton informed the judge that Bolton had purchased the heroin using marked money, also known as "pre-recorded funds."

7.     Plaintiff Aaron Clayton did not sell heroin to anyone on October 14, 2015.

8.     Plaintiff Aaron Clayton did not receive any "pre-recorded funds" from anyone on October 14, 2015.

9.     The judge relied on defendant Triplett's and defendant Bolton's material false statements to issue a warrant authorizing the arrest of plaintiff Aaron Clayton.

10.     At the time they presented the false story to the judge, defendants Triplett and Bolton knew that their wrongdoing would cause plaintiff Aaron Clayton to be arrested and charged with an offense.

11.     On March 17, 2016, defendants Bird, Crisp, Koenig, Piek, Rivera, Rodriguez, Rojas, Smith, Witt, and other officers whose identities are unknown to plaintiffs (the "searching officers"), acting under color of the above-referred warrant, entered the dwelling of plaintiffs Aaron Clayton and Sarah Clayton to arrest plaintiff Aaron Clayton.

12.     Plaintiffs seek to impose liability on defendants Triplett and Bolton for the unlawful entry into the dwelling; plaintiffs do not seek to impose liability on the searching officers for the dwelling entry.

13.     After entering the dwelling, the searching officers arrested plaintiff Aaron Clayton.

14.     Plaintiff Aaron Clayton seeks to impose liability on defendants Triplett and Bolton for the unlawful arrest. Plaintiff Clayton does not seek to impose liability on the searching officers for the arrest.

15.     The searching officers conducted a search of the entirety of the dwelling after they had arrested Aaron Clayton.

16.     There was no legal basis for the above-referred full search of plaintiffs' dwelling, which the searching officers conducted in an unreasonable manner.

17.     The unlawful entry, unlawful arrest, and unlawful search of the dwelling caused plaintiffs to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States and to suffer damages.

18.     Plaintiff Aaron Clayton was held in custody for several days because of his arrest and was therefore deprived of rights secured by the Fourth Amendment to the Constitution of the United States and suffered damages.

19.     Plaintiffs hereby demand trial by jury.

Accordingly, plaintiffs requests that appropriate compensatory and punitive damages be awarded against the individual defendants, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that the Court grant reasonable fees and costs.

/s/  Kenneth N. Flaxman
      KENNETH N. FLAXMAN
      ARDC No. 830399
      Joel A. Flaxman
      200 S Michigan Ave Ste 201
      Chicago, IL 60604-2430
      (312) 427-3200
      *Attorneys for Plaintiffs*